Case 2:16-cv-00189   Document 24   Filed on 02/07/17 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
February 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTURO GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-189 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is a state prisoner incarcerated at the Stringfellow Unit in Rosharon, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2010 Nueces County sentence. (D.E. 1). For the reasons stated below, it is respectfully recommended that Respondent's Motion to Dismiss (D.E. 17) be **GRANTED** and this action be **DISMISSED** as time barred and successive. It is further recommended that a Certificate of Appealability be **DENIED**.

**I.   JURISDICTION**

The Court has jurisdiction over habeas cases pursuant to 28 U.S.C. § 1331. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Petitioner was convicted by a court located in Nueces County, Texas. Therefore, this matter was properly before this Court at the time of filing. 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the Stringfellow Unit in Rosharon, TX. (D.E. 1). On September 20, 2010, Petitioner pled guilty to a 25 year sentence for the aggravated sexual assault of child and concurrent 20 year sentences for indecency with a child. Petitioner did not appeal his convictions. (D.E. 1, Pages 2-3). On March 6, 2013, Petitioner filed an application for state habeas corpus relief which was denied on May 29, 2013, without written order on findings of the trial court without a hearing. (D.E. 15-2, Pages 2 and 18).

On July 3, 2013, Petitioner filed his first federal habeas petition which was dismissed as time barred on November 13, 2013. *Gonzales v. Stephens*, Case No. 2:13-cv-213 (S.D. Tex. Nov. 13, 2013)(order adopting memorandum and recommendation and final judgment). Further, Petitioner's appeal of this decision was dismissed on September 16, 2014. *Gonzales v. Stephens*, Case No. 2:13-cv-213 (S.D. Tex. Sept. 24, 2014)(Fifth Circuit Court of Appeals Order dismissing appeal as untimely).

On January 21, 2016, Petitioner filed a second state habeas application which was dismissed as subsequent on March 16, 2016. (D.E. 15-3, Page 1 and D.E. 15-9, Pages 24-25). On May 23, 2016, Petitioner filed the instant federal habeas petition. (D.E. 1). On November 3, 2016, Respondent filed the pending Motion to Dismiss. (D.E. 17). On November 17, 2016, Petitioner filed a Motion for Extension of Time to file a response which was granted giving Petitioner until January 4, 2017 to file a response to the pending Motion to Dismiss. (D.E. 19 and D.E. 20). On December 29, 2016, Petitioner

filed a second Motion for Extension of Time to file a response which was granted giving Petitioner until February 6, 2017, to file a response. (D.E. 21 and D.E. 22). Petitioner filed a timely response. (D.E. 23).

### III. RESPONDENT'S MOTION TO DISMISS

Respondent asserts this action should be dismissed as time barred and as successive. The undersigned agrees. As in Petitioner's first federal habeas action, Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one year statute of limitations period runs from the latest of four alternative dates:

- (A) the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;
- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner seeks timely filed state post-conviction writ review. 28 U.S.C. § 2244(d)(2). Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

As he did not file an appeal, Petitioner's conviction became final on October 20, 2010, which is the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. *Gonzalez v. Thaler*, 623 F.3d 222 (5th Cir. 2010); *see also Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008). Therefore, Petitioner had one year, until October 20, 2011, to timely file a federal application for habeas corpus relief. Petitioner did not execute the pending federal application until May 23, 2016, long after the limitations period had expired. Petitioner's state habeas petitions did not operate to toll the limitations period because they were filed after his challenged convictions became final. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Further, Petitioner's first federal habeas petition was also filed after the limitations period had expired and would not otherwise toll the limitations period. *Duncan v. Walker*, 533 U.S. 167, 171-74 (2001)(petition for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of AEDPA's tolling provision).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas relief prior to the end of the limitations period. Additionally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Plaintiff's claim is based upon evidence that was available to him at the time of sentencing or shortly thereafter. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as it is untimely by over four years.

Further, from the face of the instant petition and court records, it is apparent that this is a second or successive petition. *See* 28 U.S.C. § 2244(b)(2)(requiring dismissal of a second or successive petition filed by a state prisoner pursuant to 28 U.S.C. § 2254). A claim presented in a second or successive application that was not presented in a prior application must be dismissed unless: (1) the applicant shows the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) the factual predicate for the claim could not have been discovery previously through the exercise of due diligence, and but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2). Further, before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

This Court has already determined that Petitioner's challenges to his 2010 convictions are time barred. *Gonzales v. Stephens*, Case No. 2:13-cv-213 (S.D. Tex. Nov. 13, 2013)(order adopting memorandum and recommendation and final judgment). Further, Petitioner cites to no new precedent in support of his claim nor has he obtained permission to file a successive petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244 (b)(3)(A); *Hernandez v. Thaler*, 630 F.3d 420 (5th Cir. 2011)(when a "filing is construed as a second or successive habeas petition, then it must be dismissed"); *Leal Garcia v. Quaterman*, 573 F.3d 214, 219 (5th Cir. 2009)("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such

authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition.")

This Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Petitioner should be allowed to file the successive motion in the District Court. *See* 28 U.S.C. §2244 (b)(3)(A). *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)(approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because Petitioner has presented neither argument nor evidence indicating he will be able to make a prima facie showing his application satisfies the statute,[1] dismissal without prejudice would be more efficient and would better serve the interests of justice than a transfer to the Fifth Circuit.

Further, to the extent Petitioner asserts his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period, it is respectfully recommended Petitioner fails to meet the actual innocence standard. (D.E. 1, Page 8). "A claim of actual innocence, standing alone, is not a 'rare and exceptional circumstance' that warrants equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'" *Jones v. Quarterman*, CIVA H-08-3212, 2009 WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009)(citing *Felder v. Johnson,* 204 F.3d 168,

---

[1]Petitioner will have to demonstrate to the Fifth Circuit that his claim meets the requirements set forth in 28 U.S.C. § 2244(b)(2) as stated above.

171 (5th Cir.2000)(other citations omitted).  However, the Supreme Court has held that a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations.  *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013)(citation omitted).  The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id*. (citation omitted).  Petitioner fails to cite to any evidence in his petition, supporting brief or response showing that he satisfies the demanding actual innocence standard and does not provide any sufficient newly discovered evidence in support of his claim other than his own conclusory allegations.  Therefore, it is respectfully recommended that Petitioner fails to meet the actual innocence standard and his petition is time barred and second or successive.  Therefore, it is respectfully recommended that this case be **DISMISSED**.

IV.  **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right

on the issues before that court. Further briefing and argument on the very issues the court has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion to Dismiss (D.E. 17) be **GRANTED** and Petitioner's application for habeas corpus relief be **DISMISSED as time barred and/or as second or successive**. It is further recommended that a certificate of appealability be **DENIED**.

ORDERED this 7th day of February, 2017.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).